Jagger Moore

8936 Flying Eagle Drive

Fort Myers, FL 33905

217-820-6705

jagmoore0424@gmail.com

October 16, 2025



Clerk of Court

United States District Court

Eastern District of Wisconsin

517 E. Wisconsin Avenue, Room 362

Milwaukee, WI 53202

Re: Jagger Moore v. Semicolon, Inc. d/b/a FifthColor

FLSA Complaint

Dear Clerk:

Enclosed for filing in the above-referenced matter are:

1. Complaint for Violation of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.)

2. Civil Cover Sheet (JS-44) — signed and dated

3. Summons (AO 440) — unsigned, for Clerk's issuance

4. Filing fee / ~~IFP Application~~

I respectfully request that the summons be issued and copies returned for service.

Sincerely,

Jagger Moore  */s/ Jagger Moore*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
FORT MYERS DIVISION

**Jagger Moore,**
Plaintiff,
v.
**Semicolon, Inc. d/b/a FifthColor,**
Defendant.

U.S. District Court
Wisconsin Eastern

DEC 29 2025

FILED
Clerk of Court

**COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT**
(29 U.S.C. § 201 et seq.)

# I. JURISDICTION AND VENUE

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.
2. Jurisdiction is proper under 28 U.S.C. § 1331.
3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this district, maintaining its principal place of business in Sheboygan Falls, Wisconsin.

# II. PARTIES

4. Plaintiff, **Jagger Moore,** is an individual residing in **Fort Myers, Florida.**
5. Defendant, **Semicolon, Inc., d/b/a FifthColor,** is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located at **1500 Stedman Wy, Sheboygan Falls, WI 53085**. Defendant employed Plaintiff and conducted business that resulted in the claims described herein.

# III. FACTS

6. Plaintiff was employed by Defendant as an **Event Specialist**.
7. Plaintiff was generally paid approximately **$202.50 per day**, plus an average **per diem of $60**, although actual daily pay and per diem varied depending on work location and dates of employment.
8. Plaintiff regularly worked more than **40 hours per workweek**.

9. Defendant failed to pay Plaintiff overtime compensation at one and one-half times the regular rate of pay for all hours worked over forty **(40)** in a workweek, as required by the FLSA.
10. Plaintiff was not employed in an executive, administrative, or professional capacity.
11. Defendant failed to keep accurate records of Plaintiff's hours worked.
12. Defendant's failure to pay overtime violated the FLSA.

## IV. WILLFULNESS

13. Defendant knew or showed reckless disregard for whether its conduct violated the FLSA.
14. Plaintiff raised concerns regarding unpaid overtime, and Defendant failed to correct its pay practices.

## V. DAMAGES

15. Defendant owes Plaintiff approximately **$20,960.55 in unpaid overtime wages,** plus any additional amounts determined by the Court upon final calculation.
16. Plaintiff is entitled to **liquidated damages** equal to the amount of unpaid wages.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Award unpaid overtime wages;
B. Award liquidated damages;
C. Award costs of this action;
D. Grant any other relief the Court deems just and proper.

Respectfully submitted,

X /s/ Jagger Moore         12-16-2025

Jagger Moore
8936 Flying Eagle Drive
Fort Myers, Florida 33905
217-820-6705
jagmoore0424@gmail.com